# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA ANN BARONE,<br><br>Defendant. | CR 11-52-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Melissa Ann Barone (Barone) has been accused of violating the conditions of her supervised release. Barone admitted all of the alleged violations, except one. Barone's supervised release should be revoked. Barone should be placed in custody for a term of time served, with no supervised release to follow.

## II. Status

Barone pleaded guilty on September 28, 2011, to Conspiracy to Possess Methamphetamine with Intent to Distribute. (Doc. 128). The Court sentenced Barone to 48 months of custody, followed by 4 years of supervised release. (Doc. 167). Barone's current term of supervised release began on October 16, 2017. (Doc. 238 at 2).

**Petition**

The United States Probation Office filed a Petition on August 29, 2019, requesting that the Court revoke Barone's supervised release. (Doc. 238). The Petition alleged that Barone violated the conditions of her supervised release: 1) by using a controlled substance; 2) by using methamphetamine; and 3) by failing to report for substance abuse testing.

**Initial appearance**

Barone appeared before the undersigned for her initial appearance on September 11, 2019. Barone was represented by counsel. Barone stated that she had read the petition and that she understood the allegations. Barone waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 11, 2019. Barone admitted that she had violated the conditions of his supervised release: 1) by using methamphetamine; and 2) by failing to report for substance abuse testing. Barone did not admit alleged violation 1. The government did not attempt to prove alleged violation 1. The violations that Barone admitted are serious and warrant revocation of Barone's supervised release.

Barone's violations are Grade C violations. Barone's criminal history category is II. Barone's underlying offense is a Class B felony. Barone could be incarcerated for up to 36 months. She could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Barone's supervised release should be revoked. Barone should be incarcerated for a term of time served, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Barone that the above sentence would be recommended to Judge Morris. The Court also informed Barone of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Barone that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Barone stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

That Melissa Ann Barone violated the conditions of her supervised release by using methamphetamine, and failing to report for substance abuse testing.

The Court **RECOMMENDS:**

That the District Court revoke Barone's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of time served, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of September, 2019.

John Johnston
United States Magistrate Judge

4